# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LEE TUSTIN, ) | |
| ) | Civil Action No. 2: 18-cv-0505 |
| Plaintiff, ) | |
| ) | Chief United States Magistrate Judge |
| v. ) | Cynthia Reed Eddy |
| ) | |
| WARDEN EDWARD STRAWN, et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff, Michael Lee Tustin, is a pre-trial detainee who is in custody at the Washington County Correctional Facility, in Washington, PA. Through his Amended Complaint, Plaintiff alleges that on March 20, 2018, he was injured when Captain Lehr and C.O. Jordan grabbed his arms and twisted them behind his back and "pushed his head into the wall."[2] Further, Plaintiff also alleges that from February 20, 2018, through April 20, 2018, his requests, to see a dentist were ignored; that he has encountered issues in receiving his commissary orders; that there are a number of issues involving the food service (i.e., mealworms in his breakfast cereal); unsanitary lunch trays; insufficient portions of food servings; and a number of issues concerning unsanitary cell conditions. *See* Statement of Facts, pp. 7 - 12; *see also* Paragraph VI of the Amended Complaint.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), all parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 7 and 39.

[2] In his response to the motion to dismiss, Plaintiff states that he was assaulted by correctional officers on July 26, 2018, after the filing of this lawsuit. Response at 37-1 at 1. Plaintiff is again advised that if he believes he has been subjected to violations that are unrelated to the claims of the amended complaint, he should file a separate lawsuit.

1

Defendants filed the pending partial motion to dismiss (ECF No. 28), to which Plaintiff has responded in opposition. (ECF No. 37). Defendants argue that the claims against the supervisory defendants should be dismissed because Plaintiff has failed to adequately allege the personal involvement of these defendants. Defendants also seek to have Plaintiff's claims brought under the Eighth Amendment, Thirteenth Amendment, and First Amendment dismissed.

*Standard of Review*

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened pleading of fact pleading. Fed.R.Civ.P. 8(a)(2) requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests'." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a district court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleading components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011)(quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims

are sufficient to show a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus*, 641 F.3d at 560.

This Court may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.3. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id*. at 556. Generally speaking, a complaint that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. *Fowler*, 578 F.3d at 212. In short, a motion to dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him or her to relief. *Twombly*, 550 U.S at 563 n. 8.

*Discussion*

Before turning the merits of Defendants' motion, Plaintiff is cautioned that, as a litigant in this Court, he is expected to behave with appropriate civility, no matter his personal opinion of the other litigants, and no matter how strongly that opinion is held. The use of profanity will not be tolerated. Plaintiff is advised that the Court will strike future pleadings containing any profanity or similarly disparaging comments or statements directed towards the other litigants.

1. <u>Supervisory Claims</u>[3]

The United States Court of Appeals for the Third Circuit has explained that there are two theories of supervisory liability in a Section 1983 action: (1) supervisors can be liable in their official capacity if they established and maintained a policy, practice, or custom which directly caused constitutional harm; or, (2) they can be liable personally if they participated in violating

---

[3] The named supervisors are Warden Strawn, Deputy Warden Cain (identified by Plaintiff as Caine), Deputy Warden Waugh, Major Cramer, and Cheryl McGavitt.

the plaintiff's rights, directed others to violate them, or, as persons in charge, had knowledge of and acquiesced in their subordinates' violations. *Santiago v. Warmister Township*, 629 F.3d 121, 128-29 n.4 (3d Cir. 2010). All Defendants in this case are sued in their individual capacities. *See* Amended Complaint, at pp. 3 - 6. (ECF No. 10).

The Court finds that Plaintiff has alleged enough to create plausible supervisory liability claims against these defendants. The Court recognizes that discovery may well reveal that the alleged conduct does not give rise to supervisory liability claims, but at this early stage of the litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor. Defendants' request to dismiss the supervisory liability claims is **DENIED**.

2. Eighth Amendment Claims

Defendants argue that because Plaintiff is a pretrial detainee, his claims are governed by the Fourteenth Amendment, not the Eighth Amendment, and dismissal of his Eighth Amendment claims is warranted. *See City of Revere v. Mass. Gen Hosp.*, 463 U.S. 239, 244 (1983); *Bell v. Wolfish,* 441 U.S. 520, 531 (1979).

Defendants are correct that the Eighth Amendment prohibition against cruel and unusual punishment is inapplicable to pretrial detainees, who are instead protected by the due process rights secured by the Fourteenth Amendment. However, "[t]he Supreme Court has concluded that the Fourteenth Amendment affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner,' " and the Court of Appeals for the Third Circuit evaluates excessive force and medical indifference claims of both pretrial detainees and convicted prisoners under the same standard. *See, e.g.*, *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (quoting *City of Revere*, 463 U.S. at 244)). As

4

there is no confusion as to the applicable standard, and no prejudice to Defendants, the Court will not elevate form over substance. Therefore, Defendants' request to dismiss the Eighth Amendment claims is **DENIED**.

3. Thirteenth Amendment Claims

The Thirteenth Amendment, the prohibition against involuntary servitude, has no applicability to the facts as alleged in Plaintiff's Amended Complaint. Therefore, Defendants' request to dismiss the Thirteenth Amendment claims is **GRANTED**.

4. First Amendment Claims

In his Amended Complaint, Plaintiff states that his First Amendment rights have been violated but he gives no specifics as to how his First Amendment rights have been violated. Although there is not a heightened pleading standard in civil rights cases and liberal standards are to be applied to *pro se* pleadings, a § 1983 complaint still must comply with the Federal Rules of Civil Procedure, and must contain at least a modicum of factual specificity. In the instant case, Plaintiff has stated in wholly conclusory terms that his First Amendment rights were violated. Under these circumstances, Defendants' request to dismiss Plaintiff's First Amendment claim is **GRANTED**.

5. Request to Strike Plaintiff's Claims for Relief

Defendants move to strike Plaintiff's unliquidated damage request. Western District of Pennsylvania Local Rule 8 provides,

> No party shall set forth in a pleading originally filed with this Court a specific dollar amount of unliquidated damages in a pleading except as may be necessary to invoke the diversity jurisdiction of the Court or to otherwise comply with any rule, statute or regulation which requires that a specific amount in controversy be pled in order to state a claim for relief or to invoke the jurisdiction of the Court.

LCvR8. The Court agrees that Plaintiff's claim for relief violates this rule and should be stricken from the Amended Complaint. Thus, Defendants' request is **GRANTED**.

6. ECF Nos. 16 and 19

Defendants request that the Court disregard or specifically order that these documents need not be addressed by Defendants. The Court finds it unnecessary to further address these filings. On August 14, 2018, the Court entered an Order advising Plaintiff that it was not appropriate to add entirely new claims by filing a "Declaration" (ECF No. 20) and on August 29, 2018, the Court advised Plaintiff that his filings at ECF Nos. 16, 19, and 26, were unmanageable and again advised Plaintiff that to the extent he believes he has been subjected to violations unrelated to the claims of his amended complaint, he should file new separate complaints addressing each violation. (ECF No. 27).

**ORDER**

For the reasons set forth above, the Motion to Dismiss will be granted in part and denied in part. Defendants shall file an Answer on or before **November 30, 2018**, pursuant to Fed.R.Civ.P. 12(a)(4)(A).

IT SO **ORDERED** this 15th day of November, 2018.

s/ Cynthia Reed Eddy<br>
Cynthia Reed Eddy<br>
Chief United States Magistrate Judge

cc: MICHAEL LEE TUSTIN
    Washington County Correctional Facility
    100 West Cherry Avenue
    Washington, PA 15301
    (via U.S. First Class Mail)

    Paul D. Krepps
    Marshall, Dennehey, Warner, Coleman & Goggin
    (via ECF electronic notification)